**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| David Luina, individually and on behalf of all others similarly-situated, | No.: |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| L3 FUNDING LLC, Victor Rodriguez, Kris Blaku, and John and Jane Does 1-50, | |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs David Luina ("Plaintiff" or "Plaintiff Luina), individually and on behalf of all others similarly situated employees (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendants L3 Funding, LLC (the "Company" or "L3"), Victor Rodriguez, Kris Blaku, and John and Jane Does 1-50("Does") (collectively, "Defendants"), allege upon personal knowledge and upon information and belief as to other matters as follows:

### NATURE OF THE CLAIMS

1.      Plaintiffs, current and/or former non-exempt employees employed by Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 class identified below, against Defendants for violations of: (1 & 2) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (3 & 4) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq*., §§ 663, *et seq*.; (5) the spread of hours or split shift requirement under New York Rules and Regulation, 12 NYCRR § 142-2.4, ("NYCRR"); (6 & 7) the wage

1

statement and notice requirements of NYLL §§ 195(1) and 195(3); (8) unlawful deductions in violation of NYLL § 193; and any other claim(s) that can be fairly inferred from the facts set forth herein.

2.     Plaintiff Luina seeks to represent a collective made up of all persons who are or have been employed by Defendants as non-exempt employees, including, but no limited to, Closer(s), Opener(s), Processor(s), Account Executives, and other similar non-exempt jobs, in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action

3.     Plaintiff Luina seeks to represent a class made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

6.     Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

7.     Plaintiff David Luina resides in Queens County, New York.  David Luina was employed by Defendants from on or around January 31, 2018, until approximately September

2018.  At all relevant times, Plaintiff Luina was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.

8.      Defendant L3 Funding LLC is a foreign limited liability company actively operating within and under the laws of the State of New York.  Defendant L3 Funding LLC's address for process of service is listed as c/o VCorp Agent Services, Inc., 25 Robert Pitt Drive, Suite 204, Monsey, New York, 10952.  At all relevant times, Defendant L3 Funding LLC was an "employer" within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.

9.      Defendant Victor Rodriguez resides in an unknown county.  Upon information and belief, at all relevant times Victor Rodriguez, was and is in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiffs.  At regular times each year, Victor Rodriguez physically visited the Company's work locations to evaluate the work of, determine compensation awards and adjustments for, and terminate the employment of employees such as Plaintiffs.  At all relevant times, Victor Rodriguez was an "employer" within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.

10.      Defendant Kris Blaku resides in an unknown county.  Upon information and belief, at all relevant times Kris Blaku, was and is in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiffs. At regular times each year, Kris Blaku physically visited the Company's work locations to evaluate the work of, determine compensation awards and adjustments for, and terminate the employment of employees such as Plaintiffs.  At all relevant times, Kris Blaku was an

"employer" within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.

11.     Does 1-50 reside in an unknown county.  Does are individuals who are and/or were in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiffs.  Upon information and belief, at regular times each year, Does physically visited the Company's work locations to evaluate the work of, determine compensation awards and adjustments for, and terminate the employment of employees such as Plaintiffs.  Upon information and belief, at all relevant times, Does are an "employer" within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.  As soon as the Does true identities are learned, Plaintiffs will seek to add them as individual Defendants in their personal and corporate capacities through the appropriate motion in compliance with all local rules.

<h2 style="text-align:center"><u>COLLECTIVE ACTION ALLEGATIONS</u></h2>

12.     Plaintiff Luina brings this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

> **FLSA Collective:** All persons who are or have been employed by Defendants as non-exempt employees, including, but no limited to, Closer(s), Opener(s), Processor(s), Account Executives, and other similarly non-exempt jobs, at any location operated by Defendants in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

13.     Defendants employed Plaintiffs and the members of the FLSA Collective during the time period relevant to the FLSA Collective Action.

14.     Defendants each meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much the FLSA Collective members are paid, maintain

4

all-time records for the FLSA Collective members, assign and supervise all of the tasks given to the FLSA Collective members, and maintain and exercise control as to how the FLSA Collective members are to perform their tasks.

15.     Each of the FLSA Collective members are or were non-exempt employees entitled to minimum wage for all hours worked up to 40 hours per workweek and overtime compensation for all hours worked in excess of 40 hours per workweek.

16.     However, at all times during the FLSA Collective period, Defendants failed to pay the FLSA Collective members minimum wage for all hours worked up to 40 hours per workweek and all overtime premiums for all hours worked in excess of 40 hours per workweek.

17.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damage to Plaintiff Luina and the FLSA Collective members.

18.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective members and, as such, notice should be sent to the FLSA Collective members.

19.     There are, upon information and belief, more than 40 similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

1.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior

to this action's filing date through the date of the final disposition of this action.

2.      At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, did not pay Plaintiff and the New York Class minimum wage for every hour worked up to 40 hours in a given workweek or the applicable overtime premium pay rate for all hours worked in excess of 40 hours per workweek, failed to pay spread of hours pay, failed to furnish correct and accurate wage notices and accurate wage statements as required by the NYLL, and took unlawful deductions from the New York Class members' wages.

3.      The facts as alleged in the foregoing Paragraphs with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

4.      Upon information and belief, Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiff Luina and New York Class Members and failed to furnish to Plaintiff and New York Class Members compliant and accurate wage notices and compliant and accurate statements of wages, in violation of the NYLL and other New York State Department of Labor regulations.

5.      Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable.  Upon information and belief, during the relevant time period, Defendants employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

6.      Typicality: Plaintiff Luina's claims are typical of the members of the proposed New York Class.  During the New York Class period, Defendants subjected Plaintiff Luina and the New York Class members to the same policy and practice of failing to pay them minimum wage and overtime compensation as required by the NYLL and NYCRR, failing to pay them spread of hours

pay, failing to provide them compliant and accurate wage notices and compliant and accurate statement of wages, and making unlawful deductions from their earned wages.

7.      Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      Adequacy: Plaintiff Luina will fairly and adequately protect the interests of the proposed New York Class and has retained counsel experienced in FLSA and NYLL class and collective action litigation.

9.      Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

a.      Whether Defendants violated the NYLL as alleged herein;

b.      Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

c.      Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

d.      Whether Defendants failed to provide the New York Class with accurate wage notices in violation of NYLL;

e.      Whether Defendants failed to provide the New York Class with accurate wage statements in violation of NYLL;

f.      Whether Defendants unlawfully failed to pay spread of hours compensation to members of the New York Class;

g.      Whether Defendants made unlawful deductions from the New York Class' earned wages;

h.      Whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

i.      Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

j.      The proper measure of damages sustained by the New York Class; and

k.      Whether Defendants' actions were "willful."

10.      The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and/or Fed. R. Civ. P. 23(b)(3) because prosecution of actions by or against individual members of the New York Class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests, and common questions of law and fact to the New York Class predominate over any questions affecting only individual Class members and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

11.      Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled.  The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

12.     Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23.  The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

**Plaintiff David Luina**

13.     As outlined above, Defendants employed Plaintiff Luina as a Closer from approximately January 31, 2018, until approximately September 2018.

14.     As a closer, Plaintiff Luina was primarily responsible for securing revenue for the company by closing sales through telephone calls made from the Defendants' work locations to public individuals.

15.     At all times relevant to this action, Plaintiff Luina was an "inside salesmen," and a non-exempt employee entitled to the protections of the FLSA, NYLL and NYCRR.

16.     Defendants failed to compensate Plaintiff Luina at least minimum wage for every hour worked in any given work week and failed to compensate Plaintiff Luina all appropriate premium pay for every overtime hour worked in each given workweek

17.     Defendants failed to compensate Plaintiff Luina at the appropriate commission rate for every deal Plaintiff Luina "closed."  For example, Plaintiff David Luina was entitled to receive a 50% commission on some deals and only received a 20% commission.

18.     During most weeks of employment, Defendants required Plaintiff Luina to work in excess of 40 hours per week.

19.     By way of example, during a single example workweek, Plaintiff Luina worked in excess of 60 hours per week, based on the following work schedule:

    i.   Monday, from 8:30 a.m. until 7:00 p.m. or later (i.e., 10 or more hours);

    ii.   Tuesday, from 8:30 a.m. until 7:00 p.m. or later (i.e., 10 or more hours);

    iii.   Wednesday, from 8:30 a.m. until 7:00 p.m. or later (i.e., 10 or more hours);

    iv.   Thursday, from 8:30 a.m. until 7:00 p.m. or later (i.e., 10 or more hours);

    v.   Friday, from 8:30 a.m. until 7:00 p.m. or later (i.e., 10 or more hours); and

    vi.   Saturday, from 8:30 a.m. until 7:00 p.m. or later (i.e., 10 or more hours).

20.    Defendants deducted anywhere between $200 to $600 a month from Plaintiff Luina's earned wages for purposes that were not for Plaintiffs' benefit and were outside the enumerated categories of permissible deductions from employee wages under NYLL § 193.

21.    Defendants failed to pay Plaintiff Luina for every hour worked and failed to pay Plaintiff Luina all appropriate overtime compensation for overtime hours worked.

22.    At all times Defendants conduct towards Plaintiff Luina was knowing, voluntary and willful.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Minimum Wage)**

23.    Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

24.    As outlined above, during the relevant time period, Defendants practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff Luina and the members of the FLSA Collective by, among other things, failing to pay them the applicable minimum wage for all hours worked.

25.    Accordingly, Plaintiff Luina and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants and the FLSA minimum wage,

plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

26.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

27.    Plaintiff Luina and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

28.    Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

29.    During the relevant time period, Plaintiff Luina and the members of the FLSA Collective worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

30.    Despite the hours worked by Plaintiff Luina and the members of the FLSA Collective, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective appropriate overtime compensation.

31.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

32.    Accordingly, Plaintiff Luina and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

11

33.     Plaintiffs and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(NYLL & NYCRR: Unpaid Minimum Wage)**

34.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

35.     As outlined above, Defendants' pay practices failed to pay Plaintiff Luina and the members of the New York Class the applicable minimum wage for every hour worked as required by the NYLL and the NYCRR.

36.     Accordingly, Plaintiff Luina and the members of the New York Class are entitled to the difference between the applicable minimum wage and the wages (if any) paid by Defendants, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and NYCRR.

37.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

38.     Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**FOURTH CAUSE OF ACTION**
**(NYLL & NYCRR: Failure to Pay Overtime Compensation)**

39.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

40.     During the relevant time period, Plaintiff Luina and the members of the New York Class regularly worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid all appropriate overtime compensation.

41.     Despite the hours worked by Plaintiff Luina and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL and NYCRR, failed and/or refused to pay them appropriate overtime compensation.

42.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff Luina and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

43.     Plaintiff Luina and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**FIFTH CAUSE OF ACTION**
**(NYLL: Failure to Furnish Wage Notices)**

44.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

45.     During the relevant time period, Defendants failed to furnish Plaintiff Luina and the members of the New York Class with accurate wage notices that specifically enumerated certain criteria, as required by NYLL § 195(1).

13

46.      Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Luina and the members of the New York Class for the applicable statutory penalty and/or liquidated damages applicable at the time the violation occurred which may be $50 per day per violation up to a maximum of $5,000 per class member.

47.      In addition to statutory penalties, Plaintiff Luina and the members of the New York Class and the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**(NYLL: Failure to Furnish Wage Statements)**

48.      Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

49.      During the relevant time period, Defendants failed to furnish Plaintiff Luina and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

50.      Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff Luina and the members of the New York Class for the applicable statutory penalty and/or liquidated damages which may be $250 per violation up to a maximum of $5,000 per class member.

51.      In addition to statutory penalties, Plaintiff Luinaand the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**(12 NYCRR § 142-2.4: Spread of Hours Pay)**

52.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

53.     At all relevant times, all Defendants were "employers" as defined by 12 NYCRR § 142 *et seq*.

54.     At all relevant times, Plaintiff Luina and the members of the New York Class are or were "employees" as defined by 12 NYCRR § 142 *et seq*.

55.     At all relevant times, Plaintiff Luina and the members of the New York Class are not, or were not, exempt from the provisions of 12 NYCRR § 142 *et seq*.

56.     Defendants failed to compensate Plaintiff Luina and the New York Class the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours or days in which they worked applicable split shifts.

57.     Defendants' practice of failing to pay "spread of hours" pay was willful and in knowing violation of the NYLL and NYRCRR.

58.     Defendants' practice of failing to pay "spread of hours" pay lasted for the duration of all relevant time periods.

59.     Defendants practices, as alleged herein, are in violation of 12 NYCRR § 142-2.4, as well as the NYLL, and Plaintiff Luina and the New York Class are entitled to recover the unpaid wages and penalties and all other remedies available under all applicable statutes and/or rules or regulations.

60.     Plaintiff Luina and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## EIGHT CAUSE OF ACTION
### (NYLL and NYCRR: Unlawful Deductions)

15

61.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

62.     During the relevant time period, as set forth above, Defendants unlawfully deducted portions of Plaintiffs' earned wages for purposes that were not for Plaintiffs' benefit and were outside the enumerated categories of permissible deductions from employee wages under NYLL § 193.

63.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result, Plaintiffs and the members of the New York Class are entitled to statutory and/or liquidated damages and such other legal equitable relief as the Court deems just and proper.

64.     Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant as provided by the NYLL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Luina and all of them members of the proposed FLSA Collective and the New York Class, pray for the following relief:

A.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.     A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA, New York Labor La,w and N.Y.C.R.R.;

C.     That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

      D.      That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

      E.      An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

      F.      An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

      G.      An award to Plaintiffs of all applicable statutory damages and/or liquidated damages to which they are entitled;

      H.      An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

      I.      An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

      J.      An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

      K.      Any other and further relief as this Court finds necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: December 3, 2018

      New York, New York           Respectfully submitted,

                                    THE OTTINGER FIRM, P.C.

By: _____/s/_____
Benjamin D. Weisenberg
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*COUNSEL FOR PLAINTIFF AND THE*
*PROPOSED COLLECTIVE AND CLASS*

18