

401 Park Avenue South
New York, NY 10016
(212) 571-2000

535 Mission Street
San Francisco, CA 94105
(415) 262-0096

OTTINGERLAW.COM

Benjamin D. Weisenberg
Direct: 917.747.5303
benjamin@ottingerlaw.com

November 22, 2019

**BY EMAIL ONLY**
Hon. Magistrate Judge Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 740
Telephone: (212) 805-0228

> Re: **David Luina v. LS Funding LLC, et al.**
> **Case No. 1:18-cv-11208-BCM**

Dear Hon Magistrate Judge Moses:

The Ottinger Firm, P.C. ("Ottinger") represents Named Plaintiff David Luina ("Mr. Luina") and Opt-in Plaintiff Adam Gonzalez ("Mr. Gonzalez"). Plaintiffs and Defendants write to respectfully request the Court approve the proposed Settlement Agreement as fair and reasonable.

## I. The Parties and Statement of the Case.

Mr. Luina filed this Action on December 3, 2018. Mr. Luina's complaint alleges, among other things, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the minimum wage and overtime requirements under the NYYL, § 650 *et seq*. The Lawsuit also alleges the Defendants failed to pay all applicable Spread of Hours pay in violation of 12 N.Y.C.R.R. 142-2.4 and made unlawful deductions from their wages. The Lawsuit also alleged the Defendants violated the record keeping requirements of NYLL § 195 *et seq*. On April 15, 2019, Mr. Gonzalez's Consent to Join Collective Action X was filed through ECF as ECF Dkt. No. 21. No motion for conditional certification of a FLSA Collective was filed in this Action. No motion for Class Certification was filed in this Action.

Defendants retained Borce Martinoski, *Esq.*, of the Law Office of Borce Martinoski ("Martinoski") as their counsel in this matter. Mr. Martinoski is an experienced litigator. Defendants dispute the all of the allegations in the Complaint and deny all allegations of wrongdoing. *See* Settlement Agreement, Page 1. Defendants filed their Answer on February 8, 2019.

Ottinger is a nationally recognized employment litigation law firm. The Firm maintains offices in New York City, New York, and San Francisco, California. The Firm represents employees in employment law matters, including but not limited to litigations involving workers' rights under the FLSA and the NYLL.

WWW.OTTINGERLAW.COM

Your Honor assisted the parties in reaching a settlement in this action at the October 17, 2019, Settlement Conference.

The Parties have now formalized and entered into the Settlement Agreement out of a desire to resolve and settle this lawsuit in an amicable manner without the expense and aggravation of continued litigation. *Id.*

## II.   Settlement Terms

The Agreement does <u>not</u> settle the claims of a putative Collective or Class. The Agreement resolves the claims of only Mr. Luina and Mr. Gonzalez against the Defendants.

The Defendants, in exchange for a release of the claims alleged in this action, agree to pay a lump sum of $31,500. Plaintiffs and Plaintiffs' counsel will receive following sums:

- $14,000 to Mr. Luina;
- $7,000 to Mr. Gonzalez;
- $10,500 to The Ottinger Firm, P.C.;

(collectively, the "Payees") See Ex. 1, Settlement Agreement, Page 2-3, § 2. Defendant shall issue the above described payments in two installments. The first installment shall be made no later than 30 days after Your Honor approves the Settlement Agreement. *Id.* The second installment payment shall be made no later than 60 days after the first installment payment.

The Agreement does not contain an impermissible confidentiality provision or non-disparagement provision. *Id.* The Settlement Agreement's release of claims is limited to the FLSA and NYLL claims at issue in this Lawsuit. *Id.*, Page 3, Section § 3.

## III.  The Proposed Settlement is Fair and Reasonable

When parties privately settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016).) To warrant such approval, the parties must satisfy the court that their agreement is "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including, but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel,

and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). Factors that weigh against approving a settlement include: (1) the presence of other employees situated similarly to the claimant, (2) a likelihood that the claimant's circumstances will recur, (3) a history of FLSA non-compliance by the employer or others in the same industry or geographic region, and (5) the desirability of a mature record and appoint determination of the governing factual or legal issues to further develop the law. (*Id.* at 336.) (internal citations omitted).

### a. Plaintiff's Range of Possible Recovery Compared to Plaintiff's Actual Recovery Under the Settlement Agreement Supports Settlement Approval.

In advance of the parties' mediation, Plaintiffs calculated Mr. Luina's maximum possible recovery as $43,169.68. Plaintiffs' damages calculations include alleged unpaid minimum wages and overtime premium pay, liquidated damages, and NYLL §§ 195(1), (3) record keeping penalties. Defendants' vigorously dispute the Plaintiffs' damages calculations. Defendants' argue that Plaintiffs were independent contractors properly compensated for the services they provided to Defendants. Mr. Luina faces a complete win or total loss at trial. Mr. Luina's one-third recovery (*i.e.*, $14,000/$43,169.68) weighs in favor of approving the Settlement Agreement.

Plaintiffs calculated Mr. Gonzalez's maximum possible recovery as $17,216.70. Plaintiffs' damages calculations include alleged unpaid minimum wages and overtime premium pay, liquidated damages, and NYLL §§ 195(1), (3) record keeping penalties. Defendants' vigorously dispute the Plaintiffs' damages calculations. Defendants' argue that Plaintiffs were independent contractors properly compensated for the services they provided to Defendants. Mr. Gonzalez faces a complete win or total loss at trial. Mr. Gonzalez's forty percent (40%) recovery (*i.e.*, $7,000/$17,216.70) weighs in favor of approving the Settlement Agreement.

### b. The Settlement Agreement Allows Plaintiffs to Avoid Their Burden to Establish Their Claims at Trial After Further Litigation Supports Settlement Approval.

The settlement amount is reasonable in light of the considerable risk Plaintiffs face in achieving victory at the trial. Plaintiffs' evidence in this case will be a hybrid of business records, contemporaneous records maintained the Plaintiffs, and testimonial evidence. Plaintiffs will testify that the Defendants' time keep practices and policies routinely failed to accurately track all of the hours worked in any given work week. Plaintiffs will testify that they were improperly classified as independent contractors and not paid all minimum wages and overtime wages for every hour worked. Plaintiffs acknowledge the heavy burden and difficult road they face in achieving a victory on the misclassification issue.

Before, during, and after the Mediation in this matter, Defendants have presented arguments and case law in support of their claims that the Defendants' practices – to the extent Plaintiffs' allege

WWW.OTTINGERLAW.COM

David Luina v. LS Funding LLC, et al.
Case No. 1:18-cv-11208-BCM
November 22, 2019
Page 4 of 6

they were unlawful – were lawful. While Plaintiffs' believe they would ultimately be successful after conducting further discovery over the course of a period of time, but Plaintiffs factored in the very real possibility they would not be successful when making their decision to enter into the Settlement Agreement. The time and amount of additional litigation necessary to resolve the question of Collective and Class Certification far outweigh the additional value (if any) to Mr. Luina and Mr. Gonzalez.

The risks and heavy burden Plaintiffs face if this case was to proceed to trial weigh in favor of approving the Settlement Agreement as fair and reasonable.

### c. Resolution of This Action at This Stage of the Litigation and on the Basis of Arm's-Length Bargaining Between Counsel Supports Settlement Approval

The Parties' proposed Settlement Agreement is the product of protracted arm's-length bargaining between experienced counsel, was achieved with the assistance of Your Honor, and is absence of any fraud or collusion. The Settlement Agreement avoids the unnecessary costs and difficulties of further litigation.

### d. Review of the Negative *Wolinsky* Factors Supports Settlement Approval

Defendants have retained competent counsel and they have not been party to a FLSA or NYLL Settlement in the past that they have subsequently violated and/or repeated their past offense.

The Parties are not aware of any reason why a "mature record," need be developed in this action.

A review of the Negative *Wolinksy* Factors weighs heavily in favor of approving this Settlement as fair and reasonable.

### e. Plaintiff's Counsel's Request for Attorneys' Fees Equal to X Is Reasonable and Supports Settlement Approval

The FLSA and NYLL's attorneys' fee shifting provisions, 29 U.S.C. § 216; NYLL § 198, are the best tools available for Plaintiffs seeking to recover smaller amounts of alleged unpaid wages in obtaining competent, experienced legal counsel. There are two ways to compensate attorneys for successful prosecution of statutory claims: the lodestar method and the percentage of the fund method. *See McDaniel v. Cnty. Of Schenectady,* 595 F. 3d 411, 417 (2d Cir. 2010). To date, Ottinger's attorneys have expended 82.15 hours of time in this Action.

Undersigned counsel private practice is almost entirely focused on representing employees in workplace disputes. Undersigned counsel was admitted to the practice of law in the State of Washington in 2011, in the State of New York in 2015, the District of Columbia in 2014, and the State of California in 2018. Undersigned counsel is an experienced wage and hour litigator, prosecuting claims in State and Federal Courts. For the purpose of example only, undersigned

counsel has and/or continues to represent employees in the following wage and hour litigations: *Gomes v. Continental et al*, 18-cv-06788-DLI-SJB; *Luina et al v. Level 3 Funding*, 18-cv-11208-VSB; *Luyando v. Pay-O-Matic*, 18-cv-00885-FB-SMG; *Naik, et al v. Swagat Restaurant, Inc. d/b/a Saphhire Indian Cuisine*, et al, 19-cv-05025-JMF; *Ortiz v. California Cemetery and Funeral services, LLC*, 18CV331774; *Ragaglia et al v. Pontillo's Pizzeria-Gates et al.*, 6:19-cv-06006-CJS-MWP; *Marin v. Apple-Metro, Inc.*, 12-cv-5274; *Palos v. All American Homecare Agency, Inc.*, 17-cv-05360; *Crowder v. ARC HealthResources of Rockland, Inc.*, 17-cv-04086; *Simmions et al. v. Pierless Fish Corp.*, 17-cv-03044; *Fuentes Diaz v. Steps In Home Care, Inc.*, 17-cv-09459; *David Dalton v. GEM Financial Services, Inc.*, 15-cv-05636. The foregoing is not an exhaustive list of the wage and hour litigations undersigned counsel has and/or is responsible for prosecuting.

In addition to prosecuting wage and hour litigations on a contingency fee basis, undersigned counsel represents professionals and executives in restrictive covenants (i.e., Non-compete, non-solicitation, and/or confidentiality) litigations. Undersigned counsel respectfully submits that he charges a reasonable hourly rate of $550 an hour for his time in matters where his clients pay for his time on an hourly basis. Undersigned also respectfully submits his hourly rate of $550 an hour has been submitted before other Judges of this District in his previous Cheeks approval motions previously approved by Judges in this District and others. The undersigned's time in this matter, therefore, is the equivalent of approximately $45,182.50 (82.15 x $550.00). Overall, Ottinger's lodestar in this Action, therefore, is approximately **.232** ($10,500/$45,182.50). Ottinger, therefore, believes the Firm's fee is reasonable under both the lodestar method and the percentage of the fund method (*i.e.*, 1/3rd of the Settlement) which weighs heavily in favor of approving the Settlement Agreement. Ottinger has also incurred out of pocket litigation expenses for the Court filing fee (i.e., $400), service of this action on Defendants ($371.63), and mailing costs ($70.30) totaling $841.93.

Defendants do not oppose Plaintiffs' attorneys' fee request. Your Honor should approve Ottinger's request for $10,500 in attorneys' fees, because, based on the foregoing, the request is a fair and reasonable request as defined by the relevant rules and case law in this Circuit.

## **Exhibits**

**Exhibit A**     Fully Executed Settlement Agreement
**Exhibit B**     Ottinger Attorney Hours

*   *   *

WWW.OTTINGERLAW.COM

David Luina v. LS Funding LLC, et al.
Case No. 1:18-cv-11208-BCM
November 22, 2019
Page 6 of 6

The Court, based on the foregoing and the documents annexed hereto, should approve the Parties' proposed Agreement as both fair and reasonable in light of the circumstances of this case

                                                Respectfully submitted on behalf of the parties,

                                                **THE OTTINGER FIRM, P.C.**

                                                _____
                                                Benjamin D. Weisenberg, Esq.
                                                Attorneys for the Plaintiff

cc:       ECF to all counselors or records

WWW.OTTINGERLAW.COM