UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LUINA, et al.,

      Plaintiffs,

    -against-

L3 FUNDING LLC, et al.,

      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 26 19 .

18-CV-11208 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The Court has received and reviewed the parties' joint letter dated November 22, 2019 (Dkt. No. 58), seeking approval of their fully-executed Settlement Agreement and Release (Agreement) (Joint Ltr. Ex. A) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants L3 Funding LLC, Victor Rodriguez, and Kris Blaku to pay $31,500 to plaintiffs David Luina and Adam Gonzalez, in full settlement of plaintiffs' claims, including wage claims brought pursuant to the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL), and the New York Codes, Rules, and Regulations (NYCRR). Ag. ¶ 2. Of this amount, $14,000 will be paid to plaintiff Luina, $7,000 will be paid to plaintiff Gonzalez, and $10,500 will be paid to plaintiffs' counsel in attorney's fees and costs. Ag. ¶ 3(a)-(b).

      The parties reached agreement on the material terms of the Agreement at a settlement conference supervised by the undersigned Magistrate Judge on October 17, 2019. (*See* Dkt. Nos. 40, 56.)

      The Agreement includes three release provisions. First, ¶ 3 provides:

> Parties voluntarily releases [sic] and forever discharge each other both individually and in their official capacities (collectively "Releasees"), of and from any actions, causes of action, suits, in law or equity, which they may have against releasees, whether known or unknown, asserted or unasserted, arising under or from the [FLSA] and New York State's Wage and Hour Laws; including, but not limited, to the [NYLL] and the [NYCRR].

Second, ¶ 14(c) provides: "Plaintiffs have elected to enter into this Agreement knowingly and voluntarily and release Defendants from any and all claims, known or unknown, they may have in exchange for the benefit he [sic] has obtained by this Agreement." Third, ¶ 14(d) provides: "The Release in this Agreement constitutes a release of all rights and claims [plaintiffs] may have under the [FLSA] and New York State's Wage and Hour Laws, and its Regulations; including, but not limited, to the [NYLL] and the [NYCRR]."

The Agreement contains a non-disparagement provision, in which the parties agree "that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of this Action." Ag. ¶ 5.

The Agreement does not contain a confidentiality clause. It does contain a severability clause, which permits the Court to reform or discard any provision found to be unenforceable without affecting the validity of the remaining provisions. Ag. ¶ 12.

The Court concludes that the economic terms of the Agreement, including the fee award, are fair and reasonable as required by *Cheeks*, 796 F.3d at 206. Plaintiff Luina worked for defendants as a "Closer" responsible for "securing revenue for the company by closing sales through telephone calls made from the Defendants' work locations to public individuals" between approximately January 31, 2018 and September 2018. Compl. (Dkt. No. 1) ¶ 13-14.[1] Plaintiffs calculate that their "maximum possible recovery" at trial would be $43,169.68 (for plaintiff Luina) and $17,216.70 (for plaintiff Gonzalez). Joint Ltr. at 3. The attorney's fee award is also fair.

---

[1] The parties' submissions do not reveal opt-in plaintiff Gonzalez's dates of employment. However, based on the parties' representations at the October 17, 2019 settlement conference, I understand Gonzalez to have worked for defendants for a shorter period than Luina.

Plaintiffs' attorneys will receive $10,500 in fees and costs, of which $841.93 will reimburse them for costs, leaving $9,658.07 for their attorneys' fee award. Joint Ltr. at 2, 5. That sum represents approximately 31.5% of the net settlement payment of $30,658.07 (gross settlement payment less costs), which is within the range ordinarily approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs"). I have also reviewed counsel's time records, which show a lodestar of $49,736.50. Joint Ltr. Ex. B. These records do not call into question the reasonableness of the requested fee award.

The non-economic terms of the Agreement are also fair and reasonable under the *Cheeks* standard, with two exceptions: the releases and the non-disparagement clause. *Cheeks* warned about abusive settlements containing "an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Consistent with this warning, "[c]ourts in this District routinely reject release provisions that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."" *De Jesus Galindo v. BLL Rest. Corp.*, 2018 WL 1684412, at *2 (S.D.N.Y. Apr. 6, 2018) (internal quotation marks omitted) (quoting *Martinez v. Gulluoglu LLC*, 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) and collecting cases). In this case, the Agreement contains three distinct (and to some degree inconsistent) release provisions: one mutual release in which

3

the parties release their wage and hour claims, Ag. ¶ 3; one unilateral release in which plaintiffs release defendants "from any and all claims, known or unknown," Ag. ¶ 14(c); and another unilateral release in which plaintiffs once again release their wage and hour claims. Ag. ¶ 14(d). While the first and third release provisions are within the scope of releases permitted under *Cheeks* (and do not contradict one another), the Court cannot approve the broad, unilateral release in ¶ 14(c).

Also problematic is the Agreement's non-disparagement clause. Ag. ¶ 5. As this Court instructed the parties in its Order dated October 30, 2019 (Dkt. No. 56), it would be the rare case where the Court would approve a non-disparagement clause which "prevent[s] a plaintiff from making truthful statements concerning his employment, the lawsuit underlying the proposed settlement, or the settlement itself." Oct. 30 Order (citing *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016)). The parties' joint letter makes no effort to explain why such restrictions are nonetheless appropriate in this case. Moreover, the language of the provision – which prohibits the parties from engaging in any conduct "that is injurious to the reputation and interests of each other," Ag. ¶ 5 – is vague to the point of unenforceability.

Accordingly, the Court relies on the Agreement's severability clause (Ag. ¶ 12) and APPROVES the Agreement AS MODIFIED below:

- Paragraph 5 is STRICKEN.

- Paragraph 14(c) is STRICKEN.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
      November 26, 2019

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**

4